# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| JACQUELINE ABED KAKI and<br>YADIRA BRECHLER<br>*Plaintiffs* | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO._____<br>JURY DEMAND |
| JULIO CESAR CIENFUEGOS<br>GARZA D/B/A GRUPO CIEN<br>TRANSPORTATION and<br>ALEJANDRINO CASTANEDA SOSA<br>*Defendants* | §<br>§<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME, JACQUELINE ABED KAKI and YADIRA BRECHLER, hereinafter referred to by name or as Plaintiffs, and complain of JULIO CESAR CIENFUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION (hereinafter referred to as "GRUPO CIEN") and ALEJANDRINO CASTANEDA SOSA hereinafter referred to by name or as Defendants, and for cause of action would respectfully show until the court as follows:

### I.

### PARTIES

1. Plaintiff, JACQUELINE ABED KAKI, is an individual that is a citizen of the state of Texas.

2. Plaintiff, YADIRA BRECHLER, is an individual that is a citizen of the state of Texas.

3. Defendant, GRUPO CIEN, is foreign for-profit company that is authorized to conduct business in the State of Texas. Grupo Cien's primary address is located at Avenida Cesar Lopez de Lara 2626, Nuevo Laredo, Tamaulipas, Mexico 88260, and may be served with process by

serving its Texas registered agent for service of process, Claudia Flores, at 812 E. Saunders Street, PMB 452, Laredo, Texas 78041, or wherever she may be found. In addition, because Grupo Cien is a Mexican company, service upon Grupo Cien may be affected under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal.

4.      Defendant, ALEJANDRINO CASTANEDA SOSA, is a natural person and at all times relevant to this cause has been and continues to be a citizen of Mexico, as he resides at 43 C. Madero Colonia Granjas Regina, Nuevo Laredo, Mexico 88295. Mexico is party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. As such, service upon ALEJANDRINO CASTANEDA SOSA, may be affected under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal

## II.

## JURISDICTION AND VENUE

5.      The claims herein are brought against Defendants pursuant to **28 U.S.C. § 1330** in which the district court shall have original jurisdiction against a foreign state**.** Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.

## FACTS

6.     On or about June 28, 2022, Plaintiff, JACQUELINE ABED KAKI, was lawfully operating a 2013 Ram 1500, while traveling East bound on 8500 Bob Bullock Loop 20 in the right lane in Laredo, Webb County, Texas, with Plaintiff, YADIRA BRECHLER, as a passenger.  Defendant, ALEJANDRINO CASTANEDA SOSA, who was operating a tractor-trailer owned by Defendant, JULIO CESAR CIENFUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION, was also traveling eastbound in the middle lane on 8500 Bob Bullock Loop 20 in Webb County, Texas, when he changed lanes when unsafe and struck the Plaintiffs' vehicle.  At the *time* of the incident made the basis of this lawsuit, Defendant, ALEJANDRINO CASTANEDA SOSA, was in the course and scope of his employment with Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION.   As a result of the collision, Plaintiffs, JACQUELINE ABED KAKI and YADIRA BRECHLER, sustained severe injuries and damages as further set out below.

7.     The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

**V.**

**CAUSES OF ACTION – JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN**

   A. ***RESPONDEAT SUPERIOR***

 8.     The Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION, is liable under liable under the doctrine of *Respondeat Superior* in that Defendant, ALEJANDRINO CASTANEDA SOSA, was operating the tractor trailer in the course and scope of his employment with Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION, at the time of the collision.

 9.     At the time of the occurrence of the act in question and immediately prior thereto,

Defendant, ALEJANDRINO CASTANEDA SOSA, was within the course and scope of his employment with Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION.

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ALEJANDRINO CASTANEDA SOSA, was engaged in the furtherance of Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION's business.

11. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ALEJANDRINO CASTANEDA SOSA, was engaged in accomplishing a task for which Defendant, ALEJANDRINO CASTANEDA SOSA, was employed.

12. Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant, JULIO CESAR CIENGUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION.

### B. NEGLIGENCE

13. Defendant JULIO CESAR CIENFUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION was also independently negligent in one or more of the following respects:

   a. failure to hire a qualified driver;

   b. inadequate driver qualifications;

   c. failure to train and supervise Defendant, ALEJANDRINO CASTANEDA SOSA;

   d. improper and inadequate maintenance;

   e. use of unsafe equipment;

   f. negligent entrustment of the vehicle to of Defendant, ALEJANDRINO CASTANEDA SOSA;

   g. negligent retention of Defendant, ALEJANDRINO CASTANEDA SOSA; and

   h. negligent contracting.

14. As described herein, Defendant, JULIO CESAR CIENFUEGOS GARZA D/B/A GRUPO CIEN TRANSPORTATION was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

15. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

### C. *GROSS NEGLIGENCE*

16. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

17. Defendants' acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

18. Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

19. The above acts and/or omissions were singularly and cumulatively the proximate cause of

the occurrence in question and the resulting injuries and damages sustained by Plaintiffs

VI.

## CAUSES OF ACTION - DEFENDANT ALEJANDRINO CASTANEDA SOSA

### A. *NEGLIGENCE*

20.     Defendant, ALEJANDRINO CASTANEDA SOSA, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

21.     Plaintiffs' injuries were proximately caused by Defendant, ALEJANDRINO CASTANEDA SOSA's negligent, careless and reckless disregard of said duty.

22.     The Defendant, ALEJANDRINO CASTANEDA SOSA, operated the vehicle he was driving in a negligent manner because he violated the duty which he owed Plaintiffs to exercise ordinary care in the operation of the commercial motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to properly brake to come to a stop at a safe distance from Plaintiffs' vehicle;

   c. in failing to turn the vehicle in an effort to avoid the collision in question;

   d. in failing to blow horn warning of imminent danger;

   e. in changing lanes when unsafe;

23.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural

lives.

### B. *NEGLIGENCE PER SE*

24. Defendant ALEJANDRINO CASTANEDA SOSA was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE §545.060, pursuant to the Negligence Per Se Doctrine, which mandates that:

**§545.060 Driving on Roadways Laned for Traffic**

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

1) Shall drive as nearly as practical within a single lane; and

2) May not move from the lane unless that movement can be made safely.

### C. *GROSS NEGLIGENCE*

25. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

26. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

27. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

28.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.

## DAMAGES

A. **_JACQUELINE ABED KAKI_**

29.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, JACQUELINE ABED KAKI, suffered bodily injuries to her hand, neck, ribs, back, knee and other parts of her body generally. Her body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.  As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

30.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JACQUELINE ABED KAKI, was caused to incur the following damages:

   A. Physical pain and mental anguish sustained in the past;

   B. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

    C. Loss of earning capacity sustained in the past;

    D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;

    E. Medical care expenses incurred in the past;

    F. Medical care expenses that, in reasonable probability, will be incurred in the future;

    G. Disfigurement sustained in the past;

    H. Disfigurement that, in reasonable probability, will be sustained in the future;

    I. Physical impairment sustained in the past; and

    J. Physical impairment that, in reasonable probability, will be sustained in the future.

### B. YADIRA BRECHLER

31. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, YADIRA BRECHLER, suffered bodily injuries to her head, neck, back and other parts of her body generally. Her body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical

and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

32. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, YADIRA BRECHLER, was caused to incur the following damages:

- A. Physical pain and mental anguish sustained in the past;
- B. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;
- C. Loss of earning capacity sustained in the past;
- D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;
- E. Medical care expenses incurred in the past;
- F. Medical care expenses that, in reasonable probability, will be incurred in the future;
- G. Disfigurement sustained in the past;
- H. Disfigurement that, in reasonable probability, will be sustained in the future;
- I. Physical impairment sustained in the past; and
- J. Physical impairment that, in reasonable probability, will be sustained in the future.

## VIII.

## **INTEREST**

33. Plaintiffs further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.

## DEMAND FOR JURY TRIAL

35. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment of the required jury fee.

## X.

## PRAYER

36. Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgement be entered for the Plaintiffs against Defendants jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

    A. Physical pain and mental anguish sustained in the past;

    B. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

    C. Loss of earning capacity sustained in the past;

    D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;

    E. Medical care expenses incurred in the past;

    F. Medical care expenses that, in reasonable probability, will be incurred in the future;

    G. Disfigurement sustained in the past;

    H. Disfigurement that, in reasonable probability, will be sustained in the future;

    I. Physical impairment sustained in the past;

J.  Physical impairment that, in reasonable probability, will be sustained in the future;

K.  Pre-judgment interest;

L.  Post judgment interest; and

M.  Exemplary damages.

        Respectfully submitted,

        LAW OFFICE OF THOMAS J HENRY, PLLC
        5711 University Heights Blvd., Ste 101
        San Antonio, Texas 78249
        Phone: (210) 656-1000
        Facsimile: (361) 985-0601

By: _____
        Richard W. Hunnicutt III
        State Bar No. 10279700
        *email: *rhunnicutt-svc@tjhlaw.com*
        **\* Service by email to this address only**
        **ATTORNEY FOR PLAINTIFF**